UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RONALD T. SCHAEFER, JOYCE E. SCHAEFER, and VINTAGE COLLECTIBLES, INC., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO. 1:03-cv-0418-DFH-WTL ) ) |
| FEDERAL TRADE COMMISSION, | ) ) |
| Defendant. | ) |

ENTRY ON DEFENDANT'S RENEWED MOTION TO DISMISS

Plaintiffs Ronald T. Schaefer, Joyce E. Schaefer, and Vintage Collectibles, Inc. sued the Federal Trade Commission (FTC) for allegedly wrongful seizure of plaintiffs' property. The plaintiffs initially sought both damages and the return of their property. In a previous order, this court granted the FTC's motion to dismiss plaintiffs' claims for damages but denied the motion to dismiss the plaintiffs' claims for return of property pending further factual development.

The FTC has filed a renewed motion to dismiss the plaintiffs' claims for return of property. As explained below, the court grants the FTC's renewed motion and enters final judgment for the FTC.

*Background*

In June 1992, the FTC filed a civil action in the Central District of California against Ronald Schaefer, Joyce Schaefer, and other defendants alleging that the defendants engaged in unfair or deceptive acts or practices in violation of the Federal Trade Commission Act. The parties reached a settlement agreement that was ordered into effect in December 1993.[1] As part of the settlement, the Schaefers agreed to pay monetary damages, and the government agreed to return certain property that had been seized in connection with the charges.

On June 1, 1998, the FBI executed a search warrant at the Schaefers' residence in Indianapolis and seized numerous items of property. As a result of the investigation by the FBI and FTC, Ronald Schaefer was convicted in federal court of mail and wire fraud in connection with the sale of animated art. *United States v. Schaefer*, 291 F.3d 932 (7th Cir. 2002) (affirming convictions and remanding for re-sentencing); *United States v. Schaefer*, 384 F.3d 326 (7th Cir. 2004) (vacating and remanding re-sentencing).

---

[1]The California court's order is attached to the defendant's supplemental motion to dismiss.

I.   *Return of Property Seized in 1998*

Plaintiffs' complaint seeks the return of all property that the government seized on June 1, 1998. Pursuant to this court's earlier decision and the magistrate judge's direction, the plaintiffs submitted to the court a specification that details the items the plaintiffs allege to have been seized and not yet returned. The specification includes the dates on which the property was seized. All of the property specified by the plaintiffs dates to March 16, 1993, and June 8, 1992. The plaintiffs' specification does not refer to any property seized in June 1998.

In the absence of any showing that the FTC still holds property seized on June 1, 1998, the claim for the return of such property is now moot and must be dismissed for lack of a case or controversy. See, *e.g., Trotter v. Klincar*, 748 F.2d 1177, 1183 (7th Cir. 1984) (affirming the principle that under Article III of the United States Constitution, an actual case or controversy must exist at all stages of an action).[2]

---

[2] In a status conference held on February 14, 2005 with Magistrate Judge William T. Lawrence, plaintiffs informally conceded that all such property has been returned to them. In dismissing the case, the court relies on the absence of any such property in the specification, rather than on the informal statement in the status conference.

II.	*Return of Property Seized in 1993*

The plaintiffs allege that the FTC has breached the 1993 settlement agreement by not returning the property the FTC agreed to return that had been seized in 1992. From the specification, it is clear that plaintiffs believe that a receiver improperly sold their property. The pages attached to the short cover document indicate that plaintiffs are still seeking reimbursement for what they believe was the improper loss of their property through an auction they contend was in violation of an order of the district court in California. The second page of the attachment clearly implies that plaintiffs have actually repurchased "their own collection" for $155,000, and that they seek reimbursement for that expense. It is not clear to this court how the plaintiffs could be seeking return of property they have purchased after the auction they have criticized. In any event, the court believes the plaintiffs' specification makes sufficiently clear that they are now seeking money damages rather than the return of property actually in the possession, custody or control of the FTC or its agents.

As the court stated in its entry deciding the FTC's initial motion to dismiss, the plaintiffs' monetary claims relating to the breach of the 1993 agreement must be pursued in the Federal Claims Court. *Schaefer v. F.T.C.*, 2004 WL 2272162 (S.D. Ind. Sept. 30, 2004). The Claims Court has jurisdiction to hear claims for monetary relief, but not for equitable relief. *Richardson v. Morris*, 409 U.S. 464, 465 (1973). This court does not have jurisdiction to hear the claims for monetary relief, which are all that remain now with respect to property seized in 1993.

In its renewed motion to dismiss (Docket No. 42), the FTC has argued that the court should not transfer this action to the Claims Court under 28 U.S.C. § 1631, which provides that when a district court finds a lack of subject matter jurisdiction for certain kinds of claims against the federal government, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed. . . ." The FTC contends that a transfer would not be in the interest of justice because any claims are barred by the six-year statute of limitations contained in 28 U.S.C. § 2401(a).

The California litigation was settled in 1993, and the court assumes that the FTC was obliged to return certain property under that agreement. The agreement did not specify a time, but the law presumes a reasonable time for performance in such cases. See Restatement (Second) of Contracts § 204 (1981); *Cerabio LLC v. Wright Medical Technology, Inc.*, 410 F.3d 981, 996 (7th Cir. 2005) (Delaware law); *William B. Tanner Co. v. Sparta-Tomah Broadcasting Co.*, 716 F.2d 1155, 1159 (7th Cir. 1983) (Wisconsin law); *Holbrook v. Pitt*, 643 F.2d 1261, 1274 & n.25 (7th Cir. 1981) (general law). This action was filed on March 24, 2003. A reasonable time for performance on the promise to return property certainly would have expired before March 24, 1997, six years before this action was filed.

Also, plaintiffs have not responded to the renewed motion to dismiss and have not offered any arguments as to why the statute of limitations has not

passed or why the case should be transferred. The plaintiffs' claims concerning breach of the 1993 settlement agreement are dismissed rather than transferred because the statute of limitations has run.

*Conclusion*

For the foregoing reasons, the FTC's renewed motion to dismiss is granted. The court will enter a final judgment dismissing this action for lack of subject matter jurisdiction.

So ordered.

Date: September 16, 2005

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

<mark>

-7-

Copies to:

John R. Price
JOHN R PRICE & ASSOCIATES
john@johnpricelaw.com

Jill E. Zengler
UNITED STATES ATTORNEY'S OFFICE
jill.zengler@usdoj.gov

</mark>