UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RONALD T. SCHAEFER, JOYCE E. SCHAEFER, and VINTAGE COLLECTIBLES, INC., </br></br>Plaintiffs,</br></br>v.</br></br>FEDERAL TRADE COMMISSION,</br></br>Defendant. | )</br>)</br>)</br>)</br>)</br>)</br>) CASE NO. 1:03-cv-0418-DFH-WTL</br>)</br>)</br>)</br>)</br>) |

ENTRY ON MOTION TO RECONSIDER

On September 16, 2005, the court granted defendant Federal Trade Commission's motion to dismiss and entered a final judgment dismissing this action with prejudice. See *Schaefer v. Federal Trade Comm'n*, 2005 WL 2257330 (S.D. Ind. Sept. 16, 2005). On October 3, 2005, eleven business days after entry of judgment, plaintiffs filed a "motion to reconsider." They argued that the court was confused about the relief they sought, despite the court's repeated efforts to have the plaintiffs clarify precisely that point. As this court ruled on September

When a losing party files a motion to reconsider more than ten days after entry of judgment, it comes too late to treat it as a motion under Rule 59(e) of the Federal Rules of Civil Procedure. Instead, it must be treated as a motion under Rule 60(b), regardless of the label the party has given the motion. *E.g.*, *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 762 (7th Cir. 2001); *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992).

Plaintiffs' motion to reconsider does not satisfy any of the grounds set forth in Rule 60(b). In addition, it fails to show that plaintiffs should be entitled to relief on the merits. It remains clear that plaintiffs do not seek the return of any property seized on or about June 1, 1998, nor any relief based upon such seizures. Instead, their motion returns to events of 1992 and 1993 and again argues that the government has failed to fulfill its obligations to return property under a settlement agreement reached in 1993. Plaintiffs' motion to reconsider does not address at all the decisive statute of limitations defense applicable to events in 1992 or 1993. Nor does the motion address the jurisdictional problems that led the court to dismiss any claims for money damages.

So ordered.

Date: August 10, 2006

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

John R. Price
JOHN R PRICE & ASSOCIATES
john@johnpricelaw.com

Jill E. Zengler
UNITED STATES ATTORNEY'S OFFICE
jill.zengler@usdoj.gov